

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00169-CR
_____

DUSTY GROSSMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 66,999-E; Honorable Douglas R. Woodburn, Presiding

November 7, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

In September 2013, Appellant, Dusty Grossman, was placed on deferred adjudication community supervision for a term of five years for injury to an elderly person.[1] In April 2018, the State moved to proceed to an adjudication of guilt. By its motion, the State alleged that Appellant violated the conditions of community supervision as follows:

---

[1] TEX. PENAL CODE ANN. § 22.04(a) (West 2019).

(1) caused the death of another by strangulation in 2015; (2) unlawfully possessed a cell phone in a penal institution in 2016; (3) unlawfully possessed tobacco in a penal institution in 2016; (4) failed to make arrangements to pay his fees; and (5) failed to complete a Batterer's Intervention Prevention Program (BIPP). At the hearing on the State's motion, Appellant entered pleas of "not true" to all five allegations. The only witness to testify was his supervision officer. At the conclusion of the hearing, the trial court found the State had met its burden of proof regarding allegations two, four, and five. Appellant was found guilty and sentenced to three years confinement. In presenting this appeal from the trial court's *Judgment Adjudicating Guilt*, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We affirm and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a *pro se* response if he desired to do so, and (3) informing him of the right to file a *pro se* petition for discretionary review. *In re*

---

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

*Schulman*, 252 S.W.3d at 408.[3]  By letter, this court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined.  *Id.* at 409 n.23.  Appellant did file a response.  The State, however, did not favor us with a brief.

## BACKGROUND

Appellant was charged with assaulting his elderly father.  In exchange for his plea of guilty, he was placed on deferred adjudication community supervision for a term of five years.  He was permitted to transfer his supervision to Oklahoma.  While in Oklahoma, Appellant was arrested in 2015 for allegedly killing his wife, a charge that was later dismissed.  While incarcerated, he was convicted of possessing a cell phone in a penal institution and was sentenced to two years confinement.[4]

The supervision officer testified that to his knowledge, Appellant had not completed the BIPP program which is critical for offenders who commit family violence.  The officer also reviewed financial records and determined that Appellant still owed $70 in fees.

## STANDARD OF REVIEW

An appeal from a court's order adjudicating guilt is reviewed in the same manner as a revocation hearing.  *See* TEX. CODE CRIM. PROC. ANN. art. 42A.108(b) (West 2018); When reviewing an order revoking community supervision imposed under an order of

---

[3] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408 n.22, 411 n.35.  The duty to send the client a copy of this court's decision is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *Id.* at 411 n.33.

[4] Appellant's community supervision was transferred back to Potter County after the State moved to proceed with an adjudication of guilt.

deferred adjudication, the sole question before this court is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In a revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006)). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). The finding of a single violation of community supervision is sufficient to support revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

### ANALYSIS

By the *Anders* brief, counsel candidly concedes he was unable to identify any reversible error in the underlying proceeding. He concludes the trial court's judgment is supported by sufficient evidence.

When we have an *Anders* brief by counsel and a *pro se* response by an appellant, we have two choices. We may determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error; *Bledsoe*

*v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744), or we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief issues. *Id.* (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991)). Appellant raises concerns regarding (1) the effectiveness of his trial counsel, (2) double jeopardy, and (3) the fact that the trial judge represented him in his divorce, matters outside the record in this case.[5]

We too have independently examined the record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record, counsel's brief, and Appellant's *pro se* response, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe*, 178 S.W.3d at 826-27.

### REFORMATION OF JUDGMENT

In our review, it came to our attention that the *Judgment Adjudicating Guilt* incorrectly reflects that Appellant entered pleas of "true" to the allegations in the motion to proceed. However, the reporter's record unequivocally establishes that Appellant entered pleas of "not true" to all five allegations.

---

[5] Claims based upon evidence outside the record may be cognizable via a post-conviction writ of habeas corpus filed pursuant to the procedure set forth in article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015).

This court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529-30. Thus, we modify the summary portion of the trial court's *Judgment Adjudicating Guilt* to reflect "Not True" under the heading "Plea to Motion to Adjudicate."

### CONCLUSION

As modified, the trial court's *Judgment Adjudicating Guilt* is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.